**RED BALL MOTOR FREIGHT, INC.,**
**Petitioner-Cross-Respondent,**

v.

**NATIONAL LABOR RELATIONS BOARD,**
**Respondent-Cross-Petitioner.**

**No. 81–4012.**

United States Court of Appeals,
Fifth Circuit.

Nov. 5, 1981.

Rehearings Denied Dec. 1, 1981.

Petition for Review and Cross Application for Enforcement of an Order of the National Labor Relations Board.

James H. Baumgartner, Jr., Dallas, Tex., for petitioner-cross-respondent.

Elliott Moore, Deputy Associate Gen. Counsel, Andrew F. Tranovich, N. L. R. B., Washington, D. C., for respondent-cross-petitioner.

Before AINSWORTH, INGRAHAM and TATE, Circuit Judges.

PER CURIAM:

The employer ("Red Ball") petitions to set aside a remedial back pay and reinstatement order entered by the National Labor Relations Board against it, and the Board cross-petitions for enforcement of the order.

Red Ball had discharged its employee, Linda Surley, at the close of a work day, allegedly because she had been dilatory in commencing work at her desk at 8:00 A.M. that morning. On a complaint to such effect by the Board's regional director, the Administrative Law Judge (the ALJ) had held, after hearing, that the discharge was based on Surley's protected concerted activities in protesting and objecting to certain employment practices by Red Ball that were unfavorable to its clerical employees. On analysis of the record evidence, the ALJ concluded that Red Ball "seized upon" the failure of Surley (an employee of 9½ years tenure) "to commence work promptly at 8 A.M. as a pretext to make its true motivation, i. e., to rid itself of an employee who had demonstrated a growing propensity to engage in protected concerted activities."

The Board affirmed the rulings, findings, and conclusions of the ALJ. Red Ball Motor Freight, Inc. and Linda Surley, 253 NLRB No. 111 (1980). It agreed that the activities in which Surley had been engaged were protected by Section 7 of the National Labor Relations Act, 29 U.S.C. § 157, as "concerted activities for the purpose of collective bargaining or other mutual aid or protection" with respect to the terms and conditions of employees. It upheld the unfair labor practice under Section 8(a)(1), 29 U.S.C. § 158(a)(1), as found by the ALJ, in that Red Ball had interfered with or coerced the employee in her exercise of her protected concerted activities conduct. In doing so, however, the Board analyzed the issue in the light of its own recent decision in *Wright Line, A Division of Wright Line, Inc.*, 251 NLRB No. 150 (1980). By that test, when the General Counsel had made a prima facie showing that Surley's participation in concerted activities protected under Section 7 of the Act was the motivating factor in Red Ball's decision to discharge her, the burden shifted to the company to establish that the discharge would have taken place in the absence of the protected conduct; Red Ball having failed to rebut the prima facie showing, the Board concluded that Red Ball had failed to show that, absent Surley's protected activities, her discharge would nevertheless have occurred.

Red Ball challenges the Board's *Wright Line* shift of the burden of proof, in mixed-cause discharges (i. e., at least partially based on protected conduct and also allegedly based on good cause), as improperly requiring an employer to prove its innocence and as in derogation of the right of management to discharge employees for cause, see, e. g., Section 10(c) of the National Labor Relations Act. Another panel of this court, however, recently indicated no disapproval of the Board's use of the *Wright Line* test in determining whether, after a prima facie case of discharge for

628

protected activities has been established, the "good" cause assigned was indeed the real reason rather than pretext for the discharge. *N. L. R. B. v. Charles H. McCauley Associates*, 657 F.2d 685 (5th Cir. 1981). Moreover, substantial evidence in the present ·record as a whole, as the Board's decision states, "amply supports the Administrative Law Judge's findings that Surley's growing propensity to engage in protected concerted activities caught the attention of Respondent's management, which was then motivated to engage in special surveillance of her work performance and to seize upon her first alleged transgression as a pretext to terminate her."

Accordingly, the petition for review of the order of the Board will be DENIED. The Board's cross-petition for enforcement of its order will be GRANTED.

ORDER ENFORCED.